UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES MARIA CLARK,<br><br>             Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>             Defendant. | Case No. SACV 14-262-KK<br><br>MEMORANDUM AND ORDER |

Plaintiff Dolores Maria Clark seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for Title II Disability Insurance Benefits. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

///
///
///
///

# I.
## **PROCEDURAL HISTORY**

Plaintiff Dolores Maria Clark ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Agency") denying her Title II application for Disability Insurance Benefits ("DIB"). Plaintiff filed her initial claim on July 7, 2010 alleging a disability onset date of July 16, 2009. Administrative Record ("AR") at 85. This claim was denied initially and upon reconsideration. Id. 87-90; 92-96. On May 11, 2011, Plaintiff filed a written request for hearing. Id. at 97. On March 6, 2012, a hearing was held before Administrative Law Judge ("ALJ") Joseph P. Lisiecki III. Id. at 64.

On May 10, 2012, the ALJ issued a decision denying Plaintiff's application. Id. at 24-39. On June 1, 2012, Plaintiff asked the Agency's Appeals Council to review the ALJ's decision. Id. at 21-22. On December 31, 2013, the Appeals Council denied Plaintiff's request for review. Id. at 5-10.

On February 23, 2014, Plaintiff filed the instant action. This matter is before the Court on the parties' Joint Stipulation ("JS"), filed November 17, 2014, which the Court has taken under submission.

# II.
## **RELEVANT FACTUAL BACKGROUND**

Plaintiff was born on April 26, 1960, and her alleged disability onset date is July 16, 2009. AR at 68. She was 49 years old at the time of the onset date, and 51 years old at the time of the hearing before the ALJ. Plaintiff graduated from high school. See id. at 142. In her Disability Report, Plaintiff reported she worked as a medical administrator from 1987 until May 2009. Id. Plaintiff alleges disability based upon severe spinal stinosis due to injury to both shoulders and depression. Id. at 141.

///
///

# III.
## **STANDARD FOR EVALUATING DISABILITY**

To qualify for DIB, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from engaging in substantial gainful activity, and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of the specific impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[1]

(4) Is the claimant capable of performing work she has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.

(5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

---

[1] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006). This involves, *inter alia*, evaluating the credibility of a claimant's testimony regarding her capabilities. Chaudhry v. Astrue, 688 F.3d 661, 670 (9th Cir. 2012).

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## IV.
## THE ALJ'S DECISION

**A.   Step One**

At step one, the ALJ found Plaintiff "has not engaged in substantial gainful activity since July 16, 2009 the alleged onset date" of disability. AR at 29.

**B.   Step Two**

At step two, the ALJ found Plaintiff "has the following severe impairments: cervical sprain; lumbosacral strain; right shoulder impingement sydrome." Id. However, the ALJ found Plaintiff's history of depression and alcohol abuse to be non-severe. Id. at 29-30.

**C.   Step Three**

The ALJ found Plaintiff did not meet or equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 30.

**D.   RFC Determination**

The ALJ found Plaintiff "has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) except she is limited to occasional balancing and

climbing of ramps and stairs but no climbing using ladders ropes or scaffolding; frequent stooping, kneeling, and crouching, she is prohibited from performing jobs where one must constantly move the neck, such as monitoring a conveyor belt; she is unable to perform any overhead work bilaterally and only frequent bilateral reaching and handling; she must avoid moderate exposure to vibration and all exposure to hazards such as machinery and heights." Id. at 30-31.

**E.   Step Four**

At step four, the ALJ found Plaintiff was "capable of performing past relevant work as a[n] office manager." Id. at 34.

**F.   Step Five**

The ALJ did not analyze step five.

## V.
## DISPUTED ISSUES

The following issues are in dispute:

1. Whether the ALJ made an adequate inquiry into whether Plaintiff met or equaled a listing level impairment.
2. Whether the ALJ's credibility assessment was supported by the evidence.
3. Whether the ALJ adequately considered the combined effect of all of Plaintiff's impairments and whether she could perform her past work or any other work.

Joint Stipulation ("JS") at 2.

The Court finds the first issue dispositive of this matter, and thus does not address the remaining issues. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand."); Augustine ex rel. Ramirez v. Astrue, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[T]his Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all

of which can be addressed on remand.").

## VI.
## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. This Court "may set aside a denial of benefits if it is not supported by substantial evidence or it is based on legal error." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001) (citation and internal quotation marks omitted).

"Substantial evidence" is evidence that a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); see also Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (stating that a reviewing court "may not affirm simply by isolating a specific quantum of supporting evidence") (citations and internal quotation marks omitted). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

The Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). If the ALJ erred, the error may only be considered harmless if it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination." Robbins, 466 F.3d at 885 (citation and internal quotation marks omitted).

# VII.

# DISCUSSION

## A. The ALJ Did Not Adequately Address Plaintiff's Argument That Her Impairments Equal Listing 1.02 or 1.04

### 1. Legal Standard

At step three, the regulations set forth a two-fold inquiry in whether a claimant is entitled to a presumption of disability: (1) whether the a claimant's impairment(s) *meets* a listed impairment; and (2) whether a claimant's impairment(s) *equals* a listed impairment. See Marcia v. Sullivan, 900 F.2d 172, 175 (9th Cir. 1990).  In other words, if a claimant's impairment does not meet the criteria specified in the listings, he or she is still disabled if the impairment equals a listed impairment.  20 C.F.R. § 404.1520(d).   In determining whether the claimant's combination of impairments equals a particular listing, the Commissioner must consider whether her "symptoms, signs, and laboratory findings are at least equal in severity to the listed criteria." 20 C.F.R. § 404.1529(d)(3). Moreover, "if a claimant has more than one impairment, the Commissioner must determine 'whether the combination of [the] impairments is medically equal to any listed impairment.'" Lewis v. Apfel, 235 F.3d 503, 514 (quoting 20 C.F.R. § 404.1526(a)). The claimant's symptoms "must be considered in combination and must not be fragmentized in evaluating their effects."   Lester v. Chater, 81 F.3d 821, 829 (9th Cir.1995) (citations omitted).

The Ninth Circuit has explained that "in determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the *combined effects of the impairments*." Id., 900 F.2d at 176 (emphasis added).  It is not enough for an ALJ to simply state that "[t]he claimant has failed to provide evidence of medically determinable impairments that meet or equal the Listings . . . ." Id.  Instead, the ALJ "must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment.  A boilerplate finding is insufficient to support a conclusion

that a claimant's impairment does not do so." Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001).

### 2. Application

Here, Plaintiff's counsel explicitly argued Plaintiff's impairments *equaled* a listing. For example, counsel began the hearing by stating, "The claimant has injuries to her cervical spine, as well as to her shoulder. The claimant meets, *or equals* listings 1.02B and 1.04A." AR at 68 (emphasis added). Counsel reiterated this position in his closing statement. Id. at 83 ("your honor, I just want to make clear that I believe that the claimant meets the medical equivalency standard for those listings that I identified at the beginning.").

The ALJ rejected Plaintiff's argument and found Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." AR at 30. In justifying this conclusion, the ALJ stated:

> [I]n reaching this determination, I do note that the claimant's attorney argued the claimant meets the criteria of listing 1.02B and 1.04A. After reviewing the evidence, however, I must find the claimant does not meet or equal listing 1.02B because she has no joint that is dysfunctional and she does not meet listing 1.04A, because there is no evidence of a compromised nerve root. She also does not have the functional limitations associated with any other listing.

Id.

The Court finds the ALJ's explanation insufficient. While the ALJ specifically addressed whether Plaintiff's impairments *met* a listed impairment, he failed to adequately address whether Plaintiff's impairments *equaled* a listed impairment. In doing so, the ALJ merely relied on boilerplate findings and conclusions. The ALJ provided no explanation for these findings, much less an adequate explanation of "his

8

evaluation of . . . the combined effects of [Plaintiff's] impairments." Marcia, 900 F.2d at 176. In doing so, the ALJ failed to explain why the effects of Plaintiff's impairments – either in isolation or in combination – are not at least equal in severity and duration to those of a listed impairment.

## VIII.
## RELIEF

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Because the ALJ failed to properly determine whether Plaintiff's impairments (individually or in combination) equal a listing, remand is proper. Upon remand, the ALJ must conduct an evaluation of the entire record in order to determine whether Plaintiff meets or equals a Listing. In any written decision, the ALJ must adequately explain his evaluation of the relevant evidence and if he again finds that Plaintiff does not meet or equal a Listing, the ALJ must adequately explain such findings.

## IX.
## CONCLUSION

For the foregoing reasons, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: January 12, 2015

HON. KENLY KIYA KATO
United States Magistrate Judge